IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBIN MARK REITZ,

        Plaintiff,

        v.

THE DEPARTMENT OF HUD, et al,

        Defendants.

No. 3:14-cv-00625-HZ

OPINION & ORDER

Robin Mark Reitz
General Delivery
Post Office
Longview, WA 98632

    Pro Se Plaintiff

1 - OPINION & ORDER

HERNANDEZ, District Judge:

Plaintiff, proceeding pro se, filed a motion to proceed in forma pauperis ("IFP") and a complaint. After careful consideration of Plaintiff's complaint, I find that it is frivolous, fails to state a claim upon which relief may be granted, and fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, I dismiss Plaintiff's complaint sua sponte.

## DISCUSSION

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). With respect to IFP actions such as this, district courts are obligated to dismiss actions sue sponte that are frivolous or malicious, or that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). Courts have a duty to liberally construe a pro se plaintiff's pleadings. See, e.g., Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). A liberal interpretation of a pro se complaint, however, "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Additionally, "conclusory allegations of law and unwarranted inferences" are insufficient. Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (Citations and internal quotation marks omitted). Where a complaint is dismissed, leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (citation and internal quotation marks omitted).

2 - OPINION & ORDER

Plaintiff brings claims against the "Dept of HUD" and the "Federal Government–President." Compl., p. 2. Plaintiff's first claim alleges that he heard over the radio that "our Housing [sic] industry was going to collapse" and thereafter, "called the U.S. Attorney's Office . . . and reported what [he] felt was wrong doing [sic] by the Real Estate mortgage industry." Id., p. 3. Plaintiff's second claim alleges that in 1998, he graduated from a "2-year para-legal [sic] program . . . [in] Georgia" that "covered Real Estate [sic] law [and] minor subjects" and "averaged 91% on [his] final average." Id., p. 4. Plaintiff further alleges that he "told the U.S. Attorney's Office that a no-verification mortgage should be Illegal [sic]" and that "if our Housing [sic] industry is collapsing[,] it's By [sic] illegall [sic] means." Id. Plaintiff's third and final claim alleges that he told the "assistant administrator for the U.S. Attorney's Office" and "HUD" that he was the "whistleblower" and "[l]ater . . . got a letter from Donald Trump's organization to meet them at the Westin Hotel in Downtown [sic] Seattle." Id.

Plaintiff's rambling statements fail to allege sufficient facts to place any Defendant on notice of the nature of his claims. Although Plaintiff has submitted multiple documents showing that he believes various people and entities have wronged him in various ways, Plaintiff fails to state a cognizable legal claim against any Defendant. Plaintiff cannot cure the deficiencies in his complaint and amendment would be futile.

/ / /

/ / /

/ / /

## CONCLUSION

Based on the reasons above, Plaintiff's complaint is DISMISSED sua sponte with prejudice. Plaintiff's application to proceed IFP and pending motions, if any, are DENIED as moot.

IT IS SO ORDERED.

Dated this 29 day of April, 2014.

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge